IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 27, 2016

**STATE OF TENNESSEE v. BRIAN E. DODSON**

**Appeal from the Criminal Court for Bradley County**
**Nos. 13-CR-050, -051     Sandra Donaghy, Judge**

---

**No. E2016-00037-CCA-R3-CD – Filed May 26, 2016**

---

The defendant, Brian E. Dodson, appeals the denial of his motion, filed pursuant to Tennessee Rule of Criminal Procedure 36.1, to correct what he believes to be an illegal sentence. Because the defendant has failed to state a colorable claim for relief under Rule 36.1, the interests of justice do not require that we waive the timely filing of the notice of appeal in this case. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3; Appeal Dismissed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT L. HOLLOWAY, JR., JJ., joined.

Brian E. Dodson, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Stephen Crump, District Attorney General; and Cynthia A. LeCroy-Schemel, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant twice assaulted his wife, Melissa Dodson, in December 2012, and, on May 6, 2013, he pleaded guilty to two counts of aggravated assault, and the State agreed to dismiss charges of resisting arrest and violating an order of protection. The trial court imposed consecutive sentences of 6 years' incarceration for the aggravated assault convictions. The defendant did not appeal the sentence, and he did not pursue post-conviction relief. On October 9, 2015, the defendant moved the trial court pursuant to Tennessee Rule of Criminal Procedure 36.1 to correct what he believed to be an illegal sentence. The pro se defendant argued that his 12-year effective sentence was illegal because the six-year sentences imposed for his Class C felony convictions exceeded that imposed on other offenders with Class C felony convictions, because the trial court

improperly imposed consecutive sentences, and because he had been improperly denied "186 behavior credits, 171 days program credits, and 134 pretrial jail credits." Specifically, the defendant asked that the trial court resentence him to concurrent terms of three years and reduce his sentence by 491 days.

Via an order filed on October 28, 2015, the trial court dismissed the motion without a hearing, finding that the petitioner had failed to state a cognizable claim for relief under Rule 36.1. The court noted that because the defendant committed the December 23, 2012 assault on his wife while on bond for the December 2, 2012 assault of his wife, consecutive alignment of the sentences was mandatory. The court also noted that the defendant was granted pretrial jail credits from December 23, 2012, until May 6, 2013. Finally, the court observed that it was without authority to grant the defendant any sentence reduction credits because those credits lie strictly within the purview of the Department of Correction.

In this appeal, the defendant contends that the trial court erred by summarily dismissing his motion, arguing again that his sentence is illegal because the trial court imposed greater than the minimum term for both convictions. The State argues that this court should dismiss the appeal because the pro se defendant failed to file a timely notice of appeal, asserting that the interests of justice do not require the waiver of the timely filing of the notice of appeal because the defendant has failed to state a cognizable claim for Rule 36.1 relief.

As indicated, the trial court denied the defendant's motion via order entered on October 28, 2015. On December 2, 2015, the defendant mailed to this court a pleading that can best be described as both the notice of appeal and his brief before this court. The appellate court clerk returned the document to the defendant with a notice that the notice of appeal must be filed directly with the trial court clerk. On January 5, 2016, the defendant filed a similar document in the Bradley County Criminal Court. The State contends that both the December 2, 2015 and January 5, 2016 filings are untimely. We agree. *See* Tenn. R. App. P. 4(c) ("In a criminal action, if a timely motion or petition under the Tennessee Rules of Criminal Procedure is filed in the trial court by the defendant: (1) under Rule 29(c) for a judgment of acquittal; (2) under Rule 32(a) for a suspended sentence; (3) under Rule 32(f) for withdrawal of a plea of guilty; (4) under Rule 33(a) for a new trial; or (5) under Rule 34 for arrest of judgment, the time for appeal for all parties shall run from entry of the order denying a new trial or granting or denying any other such motion or petition."). In criminal cases, however, the notice of appeal document is not jurisdictional and may be waived by this court in the interests of justice. Tenn. R. App. P. 4. For the reasons set forth more fully below, the interests of justice do not require the waiver of the timely filing of the notice of appeal in this case.

Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

The defendant's consecutive six-year sentences were authorized at the time of his conviction, *see* T.C.A. 40-35-112(a)(3), and were not imposed in contravention of any statute. His claim that his sentence is excessive is not a cognizable claim for Rule 36.1 relief. In consequence, the interests of justice do not support the waiver of the timely filing of the notice of appeal in this case.

Accordingly, the appeal is dismissed.

_____
JAMES CURWOOD WITT, JR., JUDGE